### Ex parte CANNA.

(Court of Criminal Appeals of Texas. March 29, 1911.)

BAIL (§ 53*) — CRIMINAL PROSECUTIONS — AMOUNT OF BAIL—REDUCTION.

Where accused, indicted in two cases for homicide, was not connected with the homicide by any direct or positive evidence, and the circumstances were of weak probative force, the bail, fixed at $2,500 in each case, was excessive, and must be reduced to $1,000 in each case.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 211; Dec. Dig. § 53.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Application for writ of habeas corpus by Frank Canna for fixing his bail. From a judgment fixing bail, he appeals. Reversed, and bail fixed.

Lively, Nelms & Adams, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was indicted in two cases for homicide. On a trial under writ of habeas corpus, his bond was fixed at $2,500 in each case.

The contention of relator is that the bond is excessive, that the facts do not warrant the amount of bond fixed, and that as fixed it is beyond his power to give. We have carefully read the facts, and are of the opinion that relator's contention is correct. No witness connects relator with the homicide by any direct or positive evidence, and the circumstances are of very weak probative force.

The judgment is reversed, and bail is fixed in the sum of $1,000 in each case, upon the giving of which, in the terms of the law, relator will be released from custody.